UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07 CA 11721

ANGEL TORO,
        **Plaintiff**

**v.**

STEPHEN MURPHY, ESTATE OF PAUL MURPHY, ESTATE OF RICHARD WALSH, and THE CITY OF BOSTON,
        **Defendants.**

## ANSWER OF DEFENDANT, THE CITY OF BOSTON, TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1.    Paragraph 1 is introductory in nature and does not require an answer from the City of Boston ("the Defendant"). To the extent that an answer is required, the Defendant denies the allegations contained in the paragraph. In particular, the City of Boston denies any allegation that it had a policy, custom or practice of improper or inadequate investigation and discipline of acts of misconduct committed by Boston Police Officers, including withholding exculpatory evidence.

### JURISDICTION

2.    Paragraph 2 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, the Defendant, City of Boston denies the allegations contained in paragraph 2.

### PARTIES

3.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4.    Defendant, City of Boston, admits the allegations contained in paragraph 4.

5.    Defendant, City of Boston, admits the allegations contained on paragraph 5.

6.    Defendant, City of Boston, denies that Richard Walsh is now deceased. The Defendant, City of Boston, admits the remaining allegations in paragraph 6.

7.     Defendant, City of Boston, admits the allegations in paragraph 7.

**FACTS**

8.     Defendant, City of Boston, admits the allegations in paragraph 8.

9.     Defendant, City of Boston, admits the allegations in paragraph 9.

10.    Defendant, City of Boston, admits the allegations in paragraph 10.

11.    Defendant, City of Boston, admits the allegations in paragraph 11.

12.    Defendant, City of Boston, admits the allegations in paragraph 12.

13.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

14.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 14 regarding the content of witness testimony.  Defendant, City of Boston, denies all remaining allegations contained in paragraph 14.

15.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 15 regarding the content of witness testimony.  Defendant, City of Boston, denies all remaining allegations contained in paragraph 15.

16.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16.

17.    Defendant, City of Boston, denies the allegations contained in the first sentence paragraph 17.  Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 17.

18.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18.

19.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19.

20.    Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20.

21. Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 21.

22. Defendant, City of Boston, denies the allegations contained in paragraph 22.

23. Defendant, City of Boston, admits the allegations contained within paragraph 23 to the extent that they allege that Stephen Murphy was the lead investigator in the Kathleen Downy murder. The Defendant, City of Boston, further states that the report described within paragraph 23 speaks for itself. Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24. Defendant, City of Boston, states that the report described within paragraph 24 speaks for itself. Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. Defendant, City of Boston, states that the report described within paragraph 25 speaks for itself. Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26. Defendant, City of Boston, states that the report described within paragraph 26 speaks for itself. Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 26.

27. Defendant, City of Boston, states that the report described within paragraph 27 speaks for itself. Defendant, City of Boston, denies all allegations contained in paragraph 27 to the extent that they allege that the Boston Police Department acted purposefully in withholding exculpatory evidence or in a manner which was despicable. The Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. Defendant, City of Boston, states that the report described within paragraph 28 speaks for itself. Defendant, City of Boston, denies all allegations contained in paragraph 28 to the extent that they allege that the Boston Police Department acted dishonorably or failed to recognize or respect the United States Constitution. The Defendant, City of Boston, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29. Defendant, City of Boston, denies the allegations in paragraph 29.

30. Defendant, City of Boston, denies the allegations in paragraph 30.

## COUNT I:
### (Withholding Exculpatory Evidence)
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT POLICE OFFICERS ESTATE OF PAUL MURPHY, STEPHEN MURPHY AND THE ESTATE OF RICHARD WALSH**

31. Defendant, City of Boston, hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-30.

32. Defendant, City of Boston, neither admits nor denies the allegations in Paragraph 32 to the extent that these allegations are not directed toward the City of Boston. To the extent that the allegations contained in Paragraph 32 do describe or reference the City of Boston, the Defendant, City of Boston, denies all allegations contained in paragraph 32.

## COUNT II:
### (Conspiracy)
**VIOLATION OF 42 U.S.C. § 1983 BY THE DEFENDANT POLICE OFFICERS PAUL MURPHY, STEPHEN MURPHY, AND THE ESTATE OF RICHARD WALSH**

33. Defendant, City of Boston, hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-32.

34. Defendant, City of Boston, neither admits nor denies the allegations in Paragraph 34 to the extent that these allegations are not directed toward the city of Boston. To the extent that the allegations contained in Paragraph 34 do describe or reference the City of Boston, the Defendant, City of Boston, denies all allegations contained in paragraph 34.

35. Defendant, City of Boston, neither admits nor denies the allegations in Paragraph 35 to the extent that these allegations are not directed toward the city of Boston. To the extent that the allegations contained in Paragraph 35 do describe or reference the City of Boston, the Defendant, City of Boston, denies all allegations contained in paragraph 35.

## COUNT III:
### (Custom or Policy)
**VIOLATION OF 42 U.S.C. § 1983 BY THE DEFENDANT THE CITY OF BOSTON**

36. Defendant, City of Boston, hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-35.

37. Defendant, City of Boston, denies the allegations in paragraph 37.

38. Defendant, City of Boston, denies the allegations in paragraph 38.

39. Defendant, City of Boston, denies the allegations in paragraph 39.

40. Defendant, City of Boston, admits the allegations in paragraph 40.

41. Defendant, City of Boston, states that the report of the St. Clair Commission speaks for itself.

42. Defendant, City of Boston, states that Paragraph 42 states a conclusion and to the extent that it contains any factual allegations the City of Boston denies the same.

43. Defendant, City of Boston, states that the report of the St. Clair Commission speaks for itself.

44a. Defendant, City of Boston, admits that Boston police officers Stratton and Mitchell were not disciplined for any allegations arising out of the Christopher Harding conviction and that O'Neil was terminated on January 20, 2000. Defendant, City of Boston, denies that the Boston Police Department suppressed crucial exculpatory evidence and that it falsely stated that Officer Mitchell was out of town during the trial and could not testify. Defendant, City of Boston, is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 44a. Defendant, City of Boston, further states that the testimony of the officers and their reports speak for themselves.

44b. Defendant, City of Boston, admits that Gary Willoughby sued the Defendant, City of Boston, and a police officer, that the Defendant, City of Boston, paid for the officer's defense and settled the case. Defendant, City of Boston, admits that the police officer was not disciplined for any allegations arising out of the arrest of Gary Willoughby. Defendant, City of Boston, denies "compensating Mr. Willoughby for the wrongs committed against him," and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44b.

44c. Defendant, City of Boston, admits that Marvin Mitchell's conviction for rape was vacated as a result of DNA testing and that Officers DeMarco and Holland were not disciplined for any allegations surrounding the arrest and prosecution of Marvin Mitchell. The Defendant, City of Boston, further states that the testimony of the officers and the victim speaks for itself. The Defendant, City of Boston, states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44c.

44d. Defendant, City of Boston, admits that Sergeant James Curran investigated a decision by Judge Elizabeth A. Porado (sic) concerning testimony of Trent Holland; and that Holland was not disciplined in connection with this investigation. Defendant, City of Boston, denies that Holland was promoted to detective. Defendant, City of Boston, states that the decision of Judge Porado (sic) speaks for itself and that the Defendant, City of Boston, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44d.

44e. Defendant, City of Boston, admits that Charles and Carol Stewart were shot in the Mission Hill neighborhood of Boston on October 23, 1989, and that William Bennett was a suspect. Defendant, City of Boston, denies the remaining allegations contained in paragraph 44e.

44f. Defendant, City of Boston, states that the decision of the Honorable Isaac Bornstein, Justice of the Superior Court in the case of *Commonwealth v. Tarahn Harris*, speaks for itself, admits that the Bureau of Internal Investigations of the Boston Police Department found the complaint against Officer Spellman to be "not sustained" and that the Police Commissioner accepted the finding and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44f.

44g. Defendant, City of Boston, admits the allegations contained in sentences one and two of paragraph 44g. Defendant, City of Boston, denies the allegations contained in sentence three of paragraph 44g. Defendant, City of Boston, admits the allegations contained in sentence four of paragraph 44g. Defendant, City of Boston, admits that William Mahoney was not charged with perjury, but admits Mahoney was disciplined for neglect by the Boston Police Department in 2002.

45. Defendant, City of Boston, denies the allegations contained on paragraph 45.

## COUNT IV:
### (Threats, Intimidation, and Coercion)
### VIOLATION OF M.G.L.c. 12 §111 BY DEFENDANT POLICE OFFICERS PAUL MURPHY, STEPHEN MURPHY AND THE ESTATE OF RICHARD WALSH

46. Defendant, City of Boston, hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-45 of Plaintiff's complaint, including sub-parts.

47. Defendant, City of Boston, neither admits nor denies the allegations in Paragraph 47 to the extent that these allegations are not directed toward the city of Boston. To the extent that the allegations contained in Paragraph 47 do describe or reference the City of Boston, the Defendant, City of Boston, denies all allegations contained in paragraph 47.

**WHEREFORE**, Defendant, City of Boston, denies that the Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant, City of Boston, states that if the Plaintiff is entitled to recovery from Defendant, City of Boston, his recovery is limited pursuant to G.L. c. 258.

## SECOND AFFRIMATIVE DEFENSE

By way of affirmative defense, Defendant, City of Boston, states that it is justified in its acts or conduct and that therefore the Plaintiff cannot recover.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant, City of Boston, states that its acts and conduct were performed according to, and protected by, the law.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant, City of Boston, states that the Plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, have waived any and all rights he may have against the Defendant, City of Boston.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant, City of Boston, states that no act or omission by them was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the Defendant, City of Boston, and the violation of the Plaintiff's constitutional rights.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any rights secured by either the constitution or the laws of the United States or the Commonwealth of Massachusetts.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant, City of Boston, is not liable for any intentional conduct by an employee pursuant to G.L. c. 258, §10(c).

## NINTH AFFIRMATIVE DEFENSE

At all times hereto, Defendant, City of Boston, acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant, City of Boston, states that the Plaintiff has failed to commence this action within the application statute of limitations and thus his claims are barred.

### ELEVENTH AFFIMATIVE DEFENSE

By way of affirmative defense, the Defendant, City of Boston, states that the Plaintiff is collaterally estopped from bringing this action.

### TWELFTH AFFIMATIVE DEFENSE

By way of affirmative defense, the Defendant, City of Boston, states that each Defendant in this matter is immune from suit because its actions are protected by the doctrine of qualified immunity.

### THIRTEENTH AFFIMATIVE DEFENSE

By way of affirmative defense, the Defendant, City of Boston, states that the Plaintiff has failed to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12.

### **DEMAND FOR JURY TRIAL**

Defendant, City of Boston, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT CITY OF BOSTON
William F. Sinnott
Corporation Counsel

By its attorney:

/s/ Evan C. Ouellette
Evan C. Ouellette, Esq.
BBO# 655934
Raquel D. Ruano, Esq.
BBO# 658735
Alexandra Alland, Esq.
BBO# 652152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048 (Ouellette)
(617) 635-4039 (Ruano)
(617) 635-4031 (Alland)

Dated: December 17, 2007

## **CERTIFICATE OF SERVICE**

       I, Evan C. Ouellette hereby certify that on this date, I served the attached Answer by electronic mail on all counsel of record in this matter.


| December 17, 2007_____ | /s/ Evan C. Ouellette_____ |
| Date | Evan C. Ouellette |