ANGEL TORO,
        **Plaintiff**

**v.**

STEPHEN MURPHY, ESTATE OF PAUL MURPHY, ESTATE OF RICHARD WALSH, and THE CITY OF BOSTON,
        **Defendants.**

## ANSWER OF DEFENDANT, STEPHEN MURPHY TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1.    Paragraph 1 is introductory in nature and does not require an answer from Stephen Murphy ("the Defendant"). To the extent that an answer is required, the Defendant denies the allegations contained in the paragraph to the extent that they allege facts or claims which pertain to him. In particular, the Defendant denies any allegation that he violated any constitutional right held by the Plaintiff.

### JURISDICTION

2.    Paragraph 2 sets forth legal conclusions to which no answer is required. To the extent that an answer is required, the Defendant, Stephen Murphy denies the allegations contained in paragraph 2 to the extent that they allege facts or claims which pertain to him.

### PARTIES

3.    Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4.    Defendant, Stephen Murphy admits the allegations contained in paragraph 4 as they pertain to him.

5.    Defendant, Stephen Murphy neither admits nor denies the allegations contained in paragraph 5 as they are not directed at him.

6. Defendant, Stephen Murphy neither admits nor denies the allegations contained in paragraph 6 as they are not directed at him.

7. Defendant, Stephen Murphy neither admits nor denies the allegations contained in paragraph 7 as they are not directed at him.

## **FACTS**

8. Defendant, Stephen Murphy admits the allegations in paragraph 8.

9. Defendant, Stephen Murphy admits the allegations in paragraph 9.

10. Defendant, Stephen Murphy admits the allegations in paragraph 10.

11. Defendant, Stephen Murphy admits the allegations in paragraph 11.

12. Defendant, Stephen Murphy admits the allegations in paragraph 12.

13. Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

14. Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 14 regarding the content of witness testimony. Defendant, Stephen Murphy denies all remaining allegations contained in paragraph 14 to the extent that they allege facts or claims which pertain to him.

15. Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 15 regarding the content of witness testimony. Defendant, Stephen Murphy denies all remaining allegations contained in paragraph 15 to the extent that they allege facts or claims which pertain to him.

16. Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16.

17. Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17.

18. Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second, third and fourth sentences of paragraph 18. Defendant, Stephen Murphy admits the allegations contained in the fifth sentence of paragraph 18 to the extent that they allege that Montgomery identified Toro from a photo array. Defendant, Stephen Murphy denies the remaining allegations contained in the paragraph 18 to the extent that they allege facts or claims which pertain to him.

19.     Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 21.

22.     Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 22.

23.     Defendant, Stephen Murphy admits the allegations contained in the first sentence of paragraph 23.  The Defendant, Stephen Murphy denies the allegations contained in the second sentence to the extent that they allege facts or claims which pertain to him.  Defendant, Stephen Murphy states that the May 1, 1980 police report speaks for itself and therefore, neither admits nor denies the allegations contained in the third and fourth sentences of paragraph 23.  Defendant, Stephen Murphy denies the remaining allegations contained in paragraph 23 to the extent that they allege facts or claims which pertain to him.

24.     Defendant, Stephen Murphy states that the May 1, 1980 police report speaks for itself and therefore, neither admits nor denies the allegations contained in the first sentence of paragraph 24.  Defendant, Stephen Murphy admits the remaining allegations contained in the second sentence of paragraph 24 to the extent that they pertain to him.

25.     Defendant, Stephen Murphy states that the May 1, 1980 police report speaks for itself and therefore, neither admits nor denies the allegations contained in the first sentence of paragraph 25.  Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26.     Defendant, Stephen Murphy states that the May 1, 1980 police report speaks for itself and therefore, neither admits nor denies the allegations contained in the first sentence of paragraph 26.  Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 26.

27.     Defendant, Stephen Murphy denies the allegations contained in the first and second sentences of paragraph 27 to the extent that they allege facts or claims which pertain to him.  Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. Defendant, Stephen Murphy denies the allegations contained in the fourth sentence of paragraph 28 to the extent they allege that he withheld exculpatory evidence, failed to recognize or respect the United States Constitution, or acted dishonorably in any way. The Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29. Defendant, Stephen Murphy denies all allegations contained in paragraph 29 to the extent that they allege facts or claims which pertain to him. The Defendant, Stephen Murphy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29.

30. Defendant, Stephen Murphy denies the allegations contained in paragraph 30 to the extent that they allege facts or claims which pertain to him.

## COUNT I:
### (Withholding Exculpatory Evidence)
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT POLICE OFFICERS ESTATE OF PAUL MURPHY, STEPHEN MURPHY AND THE ESTATE OF RICHARD WALSH**

31. Defendant, Stephen Murphy hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-30.

32. Defendant, Stephen Murphy denies all allegations contained in paragraph 32 to the extent that they allege facts or claims which pertain to him.

## COUNT II:
### (Conspiracy)
**VIOLATION OF 42 U.S.C. § 1983 BY THE DEFENDANT POLICE OFFICERS PAUL MURPHY, STEPHEN MURPHY, AND THE ESTATE OF RICHARD WALSH**

33. Defendant, Stephen Murphy hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-32.

34. Defendant, Stephen Murphy denies all allegations contained in paragraph 34 to the extent that they allege facts or claims which pertain to him.

35. Defendant, Stephen Murphy denies all allegations contained in paragraph 35 to the extent that they allege facts or claims which pertain to him.

# COUNT III:
## (Custom or Policy)
### VIOLATION OF 42 U.S.C. § 1983 BY THE DEFENDANT THE CITY OF BOSTON

36. Defendant, Stephen Murphy hereby repeats, re-alleged and incorporates herein his answers to paragraphs 1-35.

37. The allegations contained in paragraph 37 do not purport to state a claim against Defendant, Stephen Murphy. To the extent that the allegations purport a claim against Stephen Murphy, those allegations are denied.

38. The allegations contained in paragraph 38 do not purport to state a claim against Defendant, Stephen Murphy. To the extent that the allegations purport a claim against Stephen Murphy, those allegations are denied.

39. The allegations contained in paragraph 39 do not purport to state a claim against Defendant, Stephen Murphy and no responsive pleading is required.

40. The allegations contained in paragraph 40 do not purport to state a claim against Defendant, Stephen Murphy and no responsive pleading is required.

41. The allegations contained in paragraph 41 do not purport to state a claim against Defendant, Stephen Murphy and no responsive pleading is required.

42. The allegations contained in paragraph 42 do not purport to state a claim against Defendant, Stephen Murphy and no responsive pleading is required.

43. The allegations contained in paragraph 43 do not purport to state a claim against Defendant, Stephen Murphy and no responsive pleading is required.

44. The allegations contained in paragraph 44 (a) through (k) do not purport to state a claim against Defendant, Stephen Murphy and no responsive pleading is required.

45. The allegations contained in paragraph 45 do not purport to state a claim against the Defendant, Stephen Murphy and no responsive pleading is required.

# COUNT IV:
## (Threats, Intimidation, and Coercion)
### VIOLATION OF M.G.L.c. 12 §111 BY DEFENDANT POLICE OFFICERS PAUL MURPHY, STEPHEN MURPHY AND THE ESTATE OF RICHARD WALSH

46. Defendant, Stephen Murphy hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-45 of Plaintiff's complaint, including sub-parts.

47. Defendant, Stephen Murphy denies all allegations contained in paragraph 47 to the extent that they allege facts or claims which pertain to him.

**WHEREFORE**, Defendant, Stephen Murphy denies that the Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were proximately caused by his own intentional conduct and/or by the conduct of others, and not by the conduct of the Defendant.

### THIRD AFFIRMATIVE DEFENSE

The Defendant, at all times, acted in good faith upon reasonable belief and that these actions were required and in compliance with all relevant laws and circumstances.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damage alleged were caused in whole or in part by his own acts, omissions, or negligence.

### FIFTH AFFIRMATIVE DEFENSE

At all times hereto Stephen Murphy, acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit as he was engaging in discretionary functions.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit because its actions are protected by the doctrine of qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

The Defendant's conduct and acts were privileged, and therefore the Plaintiff cannot recover.

### TENTH AFFIRMATIVE DEFENSE

None of the Defendant's acts or omissions were a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all material times, the Defendant acted reasonably, within the scope of his official discretion with an objectively reasonable belief that his actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the which bear on a question of state or federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that if the Plaintiff is not entitled to any recovery against the Defendant, pursuant to G.L. c. 258, and if the Plaintiff is entitled to recovery from the Defendant, his recovery is limited pursuant to G.L. c. 258.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any rights secured by either the constitution or the laws of the United States or the Commonwealth of Massachusetts.

### SIXTEENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, because he fails to show any factual connection between any alleged deprivation of any rights secured by either the constitution or the laws of the United States or the Commonwealth of Massachusetts and any actions of the Defendant.

**DEMAND FOR JURY TRIAL**

      Defendant, Stephen Murphy hereby demands a trial by jury on all issues so triable.

                          Respectfully submitted,

                          DEFENDANT CITY OF BOSTON
                          William F. Sinnott
                          Corporation Counsel

                          By its attorney:

                          /s/ Evan C. Ouellette
                          Evan C. Ouellette, Esq.
                          BBO# 655934
                          Raquel D. Ruano, Esq.
                          BBO# 658735
                          Alexandra Alland, Esq.
                          BBO# 652152
                          Assistant Corporation Counsel
                          City of Boston Law Department
                          Room 615, City Hall
                          Boston, MA 02201
                          (617) 635-4048 (Ouellette)
                          (617) 635-4039 (Ruano)
                          (617) 635-4031 (Alland)

                          Dated: December 28, 2007

## **CERTIFICATE OF SERVICE**

       I, Evan C. Ouellette hereby certify that on this date, I served the attached Answer by electronic mail on all counsel of record in this matter.


December 28, 2007_____                    /s/ Evan C. Ouellette_____
Date                                                      Evan C. Ouellette