UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ANGEL TORO, | ) | C.A. No. 07-11721 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| STEPHEN MURPHY, and | ) | |
| THE CITY OF BOSTON, | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT STEPHEN MURPHY'S MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff, Angel Toro, and opposes said motion in that the withheld statement at issue is clearly exculpatory as testified to by both the Defendant and ADA Kiernan (Defendant's Exhibit C at 57; Plaintiff's Exhibit – 3; Defendant's Exhibits will now be referred to as DE. Plaintiff's Exhibits as PE). Said statement revealed that an individual who had robbed a drugstore in Malden two weeks after the murder fit the general description of the suspect in the murder case. The weapon used in that robbery was described by the ballistician as probably sawed-off, as was the weapon in the murder. The sketch of the unknown assailant in the Malden robbery bore a striking resemblance to the sketch drawn by witness Jean Montgomery in the murder case. Montgomery, the "eyewitness" had originally stated she did not see anything the night of the murder (DE – D - 94). Thus, the Commonwealth's case was, of course, weakened by the impeachment value of the prior inconsistent statement. The other "eyewitness," Diamond, initially failed to pick the Plaintiff out of a photo array (DE – G - 31). Thus, the evidence against the defendant was weak. In fact, the first trial ended in a mistrial.

Of course there need not be an admission by the Defendant that he intentionally withheld the key report. That will never be the case. However, the jury can nevertheless draw the

1

inference he purposely withheld evidence. There is solid evidence that the Defendant did in fact intentionally withhold from the ADA and the defense this crucial document (DE – C - 57;59;89; PE - 1; PE - 2; PE - 3). Defendant misunderstands the requirements for summary judgment to be entered in its favor for there is an issue of material fact. A jury might find for Defendant but need not do so and could find for the Plaintiffs.

The case against Angel Toro was weak in many respects:

1. Casper Diamond identified the Plaintiff at trial but had failed to select his picture out of a photo array (DE - O, day 6, at 31).

2. Another person who identifies the Plaintiff at trial but denied seeing anything when first questioned was Jean Montgomery (DE – O - 94).

3. Debra Toro testified the Plaintiff had a beard at the time of the murder as did several other witnesses for the Plaintiff. The issue of whether or not the Plaintiff had a beard was a huge one at trial as there were witnesses on both sides of the issue.

4. William Haverstock testified that he observed an individual came out of the murder site at the time of the murder but that he could not identify him as the Plaintiff (PE - 4).

5. The Plaintiff called many alibi witnesses.

The Defendant continually argues on all issues that "there is no evidence" (S.J. Memo at 3 and 4). This comment misstates the evidence. There is evidence on all these issues. Defendant argues there is "no evidence" that the Malden document was not turned over to the SCDA. To the contrary there was overwhelming evidence that it was not. District Attorney Kiernan testified he did not remember seeing the document but if he had he would have recognized it as exculpatory and turned it over to the defense (DE - C - 89; PE - 2 at 90; PE - 3). He testified he would have kept a copy of the "document" for the District Attorney's file if he had turned it over (PE - 2). But, there was no copy in the District Attorney's file when it was reviewed.

District Attorney Collings was convinced that the report had not been turned over when he moved to overturn the conviction. Neither the Plaintiff Angel Toro, his wife Debra Toro, or Patty Garin, the initial appellate defense counsel, testified they have ever seen the statement (Defendant's Statement of Fact 130-131). Even Defendant Murphy does not testify that he turned over the document but rather that he cannot remember turning over the document (DE - C - 59). It was, of course, the Defendant's responsibility to turn the document over to the District Attorney.

It is pure speculation by the Defendant that somehow the document had been in the SCDA file but had been taken out. He has no evidence to back up that theory. Attorney Kellcher is deceased. There is no evidence that he ever received the "report". If he had, he would have recognized its exculpatory nature and used it at trial. Any lawyer would have realized the highly exculpatory nature of the evidence including the Defendant and the District Attorney. The only sensible conclusion that can be drawn is that each attorney who came on the case passed his complete file on to the successor attorney, including the most important exculpatory evidence in the whole case – the Malden statement.

Defendant states Attorney Kellcher was provided with information regarding additional suspects (Statement of Facts: 149). There is no evidence that documents relative to "other suspects" were turned over to the defense. District Attorney Kiernan only indicated he turned over some exculpatory statement but not any specific one. In fact, these statements were not turned over but along with the Malden report were also in the "police file" turned over in discovery.

The Defendant claims as a defense qualified immunity. However, the constitutional right to exculpatory evidence was "clearly established" by the 1983 time of the trial at least by the case of Brady v. Maryland, 373 U.S. 83 (1963) rendered in 1963, *See Ienco v. City of Chicago, 286 F. 3d 994, 1000-1001 (9th Cir 2002)*(Officer who suppressed exculpatory evidence violated clearly established law). Any reasonable officer would have realized he was obligated to turn over exculpatory evidence. In fact, the Defendant testified he knew the statement to be exculpatory and that it would have to be turned over to the defense (DE - C at 57).

Respectfully submitted,
The Plaintiff, Angel Toro,
By his attorney,

//s// Stephen Hrones_____
Stephen Hrones, BBO#242860
Hrones & Garrity, LLP
Lewis Wharf – Bay 232
Boston, MA 02110-3927
T) 617/227-4019

**CERTIFICATE OF SERVICE**

I, Stephen Hrones, hereby certify that, on this the 28th day of July, 2009, I have cause to serve a true and correct copy of the foregoing to all counsel on record in this matter electronically.

//s// Stephen Hrones
Stephen Hrones