UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07 CA 11721 -PBS

ANGEL TORO,
    **Plaintiff**

**v.**

STEPHEN MURPHY
    **Defendant.**

### DEFENDANT STEPHEN MURPHY'S REPLY TO PLAINTIFF'S OPPOSITION AND MOTION TO STRIKE PLAINTIFF'S OPPOSITION AND LOCAL RULE 56.1 STATEMENT OF FACTS – LEAVE TO FILE GRANTED ON AUGUST 3, 2009

Now comes the Defendant Stephen Murphy ("Defendant" or "Murphy") and hereby moves this Honorable Court to strike Plaintiff Angel Toro's ("Plaintiff") *Opposition To Motion For Summary Judgment* and *Plaintiff's Local Rule 56.1 Statement Of Facts In Support Of Opposition To Defendant's Motion For Summary Judgment*. As grounds therefore, Defendant states that Plaintiff's purported response was untimely, fails to comply with Local Rule 56.1, and does not identify any material facts in actual dispute.

**I.**     **Plaintiff's Opposition Must Be Stuck And Each Of Defendant's Material Facts In Support Of Summary Judgment Must Be Deemed Admitted Because Plaintiff Failed To Comply With Local Rule 56.1.**

Local Rule 56.1 states, "material facts of record set forth in the statement [of facts] required to be served by the moving party will be deemed for purposes of the motion to be deemed admitted by opposing parties unless controverted by the statement [of facts] required to be served by opposing parties." In his opposition, Plaintiff fails to respond to any of the material facts included within *Defendant's Local Rule 56.1 Statement Of Facts And Supporting Exhibits*

1

*In Support Of His Motion For Summary Judgment*.  Therefore, each and every material fact asserted by the Defendant must be deemed admitted for purposes of summary judgment.

Instead of complying with Local Rule 56.1, Plaintiff sets out his own statement of fourteen (14) facts (hereinafter, "Plaintiff's LR 56.1 SOF ¶ ___") upon which his opposition is based.  Each and every one of these facts must be struck as it is either unsupported by the record, immaterial to the Court's summary judgment determination or both.  Plaintiff's opposition arguments, which are supported by these facts, must also be struck.  However, even if each of Plaintiff's facts were deemed as true and the arguments supported by them are accepted by the court, the Defendant would still be entitled to summary judgment, because these facts do not create an actual trial worthy dispute.

**II.      Each Of Plaintiff's Local Rule 56.1 Facts Must Be Struck As Either Unsupported, Immaterial Or Both.**

Each and every one of Plaintiff's Local Rule 56.1 facts must be struck as it is either unsupported by the record, irrelevant to the Court's summary judgment determination or both.  As the opposing party, the Plaintiff has an obligation to "state what specific facts are disputed and [therefore] prevent summary judgment."  Vasapolli v. Rostoff, 864 F. Supp. 215, 218 (D. Mass. 1993), aff'd 39 F.3d 27 (1st Cir. 1994).  The existence of a factual dispute does not end the inquiry, however, because in summary judgment terms, the disputed fact must be material.  Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To be material, the fact must have "the potential to affect the outcome of the suit under the applicable law."  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).  Additionally, these facts must be accompanied by accurate citations to the case record.  See Local Rule 56.1.

### A. Plaintiff's LR 56.1 SOF ¶¶ 1, 2, 9 And 10 Must Be Struck.

Plaintiff's LR 56.1 SOF ¶¶ 1, 2, 9 and 10 each deals with the exculpatory value of documents which Plaintiff alleges were withheld by Defendant Stephen Murphy from the prosecution prior to Plaintiff's 1983 murder trial. Each of these facts must be struck because it is not relevant or material to the Court's summary judgment determination. Murphy's and/ or the trial prosecutor, Assistant District Attorney John Kiernan's ("ADA Kiernan") subjective belief in 2009 that a given document is potentially exculpatory is not relevant to the purely legal determination as to whether the document constitutes Brady material. Neither individual is an expert qualified to give such testimony. Also, the relevance of these documents must be judged in light of the evidence as it existed prior to Plaintiff's 1983 trial, not in hindsight in 2009.

Plaintiff's LR 56.1 SOF ¶¶ 1 and 2 must also be struck because they are totally unsupported by the record. These statements are not included within the citation provided by Plaintiff. The only possible support for these "facts" are in Plaintiff's Exhibit 1 to his Opposition at page 58 ("PE – 1, p 58)". However, in that deposition excerpt, Murphy testified about the police report he drafted regarding the robbery of O'Neil's Pharmacy, not the identi-kit sketch of the unknown robber created by the Malden Police Department, which Plaintiff refers to as the "Malden document."[1] Also, Murphy only refers to this police report as having the "potential to be exculpatory" not as being exculpatory per se.

### B. Plaintiff's LR 56.1 SOF ¶¶ 3, 4, 5 And 6 Must Be Struck.

Plaintiff's LR 56.1 SOF ¶¶ 3, 4, 5 and 6 each deals with whether Murphy possessed the identi-kit sketch and turned it over to ADA Kiernan. Each of these facts must, first and foremost be struck because in each of the deposition excerpts cited by Plaintiff to support these "facts,"

---

[1] It is rather unclear but it appears that in his opposition, Plaintiff refers to the identi-kit sketch of the unknown robber as the "Malden document" or "document" and the police report drafted by Murphy regarding the robbery of O'Neil's Pharmacy as the "Malden report" or "report."

Murphy is speaking about the police report he drafted not the identi-kit of the unknown robber created by the Malden Police Department. This is especially crucial with regard to Plaintiff's LR 56.1 SOF ¶ 3. Here, at PE – 1, p 58 (Murphy's deposition), Murphy is clearly testifying that he now knows that the police report he drafted was part of the Boston Police Department file on the Toro murder, not the sketch of the unknown robber. In contrast, Murphy testified that he had no memory of ever having seen or possessed this sketch. See Defendant's LR 56.1 SOF ¶ 19.

Even if these "facts" were supported, they are not material. It is utterly unclear what is meant by the ambiguous statements included in Plaintiff's LR 56.1 SOF ¶¶ 4 and 5 that Murphy was "in charge" of the case and that it was his responsibility "to deal with" ADA Kiernan or how these statements support Plaintiff's opposition. Also, even if Plaintiff's LR 56.1 SOF ¶ 6 was supported by its accompanying citation, it does not create a material dispute which would allow Plaintiff to avoid summary judgment. Plaintiff's LR 56.1 SOF ¶ 6 states that Murphy does not remember turning the document over to ADA Kiernan. There is no dispute that Murphy does not recall ever seeing or possessing the sketch made by the Malden Police Department and therefore he does not recall ever producing it or even having been in a position to produce it to the prosecutor. These facts do nothing to support Plaintiff's necessary showing that Murphy possessed this sketch, failed to produce it, and did so intentionally with bad faith.

    **C. Plaintiff's LR 56.1 SOF ¶¶ 8 And 11 Must Be Struck.**

Plaintiff's LR 56.1 SOF ¶¶ 8 and 11 each deals with whether ADA Kiernan received a copy of Murphy's police report prior to Plaintiff's trial. These facts must be struck because they are not relevant or material. Specifically, Plaintiff's LR 56.1 SOF ¶ 8 states that ADA Kiernan

has no memory of seeing the police report at the time of trial.[2] Indeed, it is undisputed that ADA Kiernan has no memory, either way, of having ever received or not received the report more than twenty six (26) years ago. He has no memory of this report whatsoever. Likewise, he has no memory, either way, as to whether he turned this report over to Plaintiff's trial counsel more than twenty six years ago. See PE -3, p. 89-90.

These facts are not in dispute. Further, these facts do not allow Plaintiff to avoid summary judgment because they do not support Plaintiff's necessary showing that the prosecution did not receive this report or that it was purposefully withheld by Murphy.

Plaintiff's LR 56.1 SOF ¶ 11, if true, would be irrelevant for the same reasons. However, it is also unsupported by the record. In the excerpt of ADA Kiernan's deposition cited as support for this "fact," Kiernan states only that he "would hope" that he would have kept a copy of this report in his trial file if he had received it, not that he did keep a copy or even that he believes he kept a copy. See PE - 4, p.111. ADA Kiernan's 2009 "hope" that he would have, in 1983, kept a copy of a report that he has no present memory of having ever seen in his trial file does not support Plaintiff's argument that the absence of this report from the 2009 version of the Suffolk County District Attorney's Office ("SCDAO") file demonstrates that it was not produced to the prosecution prior to trial in 1983. As argued in Defendant's motion, there is no evidence of continuity between ADA Kiernan's 1983 trial file and the current 2009 SCDAO file and there are no records whatsoever maintained by the SCDAO which might demonstrate what documents may have been removed from the file or when or by whom they were removed.

---

[2] Plaintiff cites Exhibit C attached to Defendant's motion for summary judgment as support for this fact. This citation is incorrect. It appears that Plaintiff intended to cite either Defendant's Exhibit D at p. 89-90 or PE-33, p. 89-90.

5

### D. Plaintiff's LR 56.1 SOF ¶ 7 Must Be Struck.

Plaintiff's LR 56.1 SOF ¶ 7 must also be stuck as immaterial. Plaintiff's LR 56.1 SOF ¶ 7 deals, extremely loosely, with the continuity of Plaintiff's defense file from the 1983 trial through the present day. It states that ADA Kiernan (and notably, not any member of Plaintiff's prior defense counsel) would presume that prior counsel would give the defense file to successor counsel. ADA Kiernan's presumption that defense counsel in criminal cases generally give successive counsel their case file is not relevant as to whether the Toro defense file as it exists today is an accurate reflection of Toro's defense file before the 1983 trial. Plaintiff presents no additional evidence to demonstrate that this is the case. The fact set forth in Plaintiff's LR 56.1 SOF ¶ 7 does not create a material dispute which would allow Plaintiff to avoid summary judgment.

### E. Plaintiff's LR 56.1 SOF ¶¶ 12, 13 And 14 Must Be Struck.

Plaintiff's LR 56.1 SOF ¶¶ 12, 13 and 14 each deals with witness testimony at Plaintiff's trial. These facts should be struck because they are not material to the question at issue in this matter: whether Murphy intentionally withheld Brady material from the prosecution prior to Plaintiff's trial. All counts contained in Plaintiff's original complaint alleging any misconduct by Murphy regarding his interaction with trial witnesses were completely unsupported by the voluminous discovery taken in this case and have already been voluntarily dismissed. Therefore, the facts set forth in Plaintiff's LR 56.1 SOF ¶¶ 12, 13 and 14 do not create any material dispute which would allow Plaintiff to avoid summary judgment.

These "facts" must also be struck because they are not supported by the record. Plaintiff's LR 56.1 SOF ¶ 12 and the first sentence of ¶ 14 are not supported by their

accompanying cites. Inexplicably, Plaintiff's LR 56.1 SOF ¶ 13 and the second sentence of ¶ 14 do not even contain cites to the record.

## III. Plaintiff's Opposition Must Be Struck In Its Entirety As Unsupported.

The vast majority of the allegations and arguments contained within Plaintiff's opposition do not contain any supporting cites to the record or even Plaintiff's own LR 56.1 statement of facts. Each of these allegations and arguments must be struck as it is wholly unsupported and does not conform to the basis requirements of Local Rule 56.1. The few arguments that do cite to Plaintiff's LR 56.1 statement of facts must also be struck because, for the reasons stated above, each of the LR 56.1 facts on which these arguments is based must also be struck. Lastly, the remainder of Plaintiff's arguments which do not cite to Plaintiff's LR 56.1 statement of facts, but instead cite inaccurately to portions of the discovery record must also be struck.[3]

## IV. Plaintiff's Entire Opposition Must Be Struck Because It Was Not Timely Filed.

As part of the May 20, 2009 status conference in this matter, all parties agreed, and the Court ordered that dispositive motions would be filed by June 30, 2009 and oppositions would be due by July 20, 2009. On July 16, 2009, Plaintiff filed a motion, which the Defendant opposed, to extend the filing deadline for his opposition to July 27, 2009. The Court never extended the July 20th deadline. Plaintiff did not file his opposition until July 28, 2009, eight days past this deadline. This filing would still have been late even if the Court had allowed Plaintiff's request for an extension. Since Plaintiff's opposition was not timely filed, it must be struck in its entirety.

---

[3] The arguments made within the first paragraph of Plaintiff's opposition exemplify each of these reasons for striking. The first four sentences contain no citations whatsoever and indeed include information which is completely inaccurate. The fifth sentence cites a non-existent page of Exhibit D to Defendant's motion for summary judgment. The sixth and seventh sentences cite a non-existent page of Exhibit G to Defendant's motion for summary judgment, and again include information which is wholly inaccurate. The eighth and final sentence contains no citation at all. Nowhere in this paragraph is there any citation to Plaintiff's LR 56.1 statement of facts.

## V. Plaintiff's Opposition Identifies No Material Disputes And In No Way Challenges The Validity Of The Arguments Raised In Defendant's Motion For Summary Judgment, Therefore Summary Judgment Must Be Granted.

A party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists. Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied, 515 U.S. 1103 (1995). The Defendant has made this showing through its unopposed LR 56.1 statement of facts. Now, in order to avoid summary judgment, Plaintiff must point to specific material facts demonstrating that there is, indeed, a genuinely trial worthy issue. Id. A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law," Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000), and an issue is "genuine" where it is supported by such evidence that "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (quoting Smith v. F.W. Morse & Co., 76 F.3d 413, 428 (1st Cir. 1996)). "Conclusory allegations, improbable inferences, and unsupported speculation," are insufficient to establish a genuine dispute of fact or trial worthy issue. Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). In his opposition, Plaintiff has failed to produce any supported facts, disputed or undisputed, which would make the issue of whether Murphy intentionally withheld exculpatory evidence genuinely trial worthy.

In his Opposition, Plaintiff makes clear what material evidence he has to support his argument that Murphy intentionally withheld exculpatory evidence from the prosecution prior to Plaintiff's murder conviction: none. In his opposition, Plaintiff admits that, at best, the sum total of his evidence that the report and sketch were not turned over to the prosecution prior to Plaintiff's 1983 trial is that: 1) there was no copy of these documents in the SCDAO's current

8

case file when someone checked it twenty one years later in 2004; and 2) in 2009, neither ADA Kiernan nor Murphy have any recollection whatsoever as to whether these documents were received by ADA Kiernan or not.[4]

Plaintiff further admits that he has no further evidence beyond this to demonstrate that the documents were withheld from the prosecution by Murphy or that this withholding was intentional and done in bad faith. At the top of page two of Plaintiff's opposition, he states "[t]here is solid evidence that the Defendant did in fact intentionally withhold from the ADA and the defense this crucial document." This is the only part of Plaintiff's opposition that addresses the Defendant's argument that Plaintiff's lack-of-intent and lack-of-bad faith arguments. However, in support of Plaintiff's bold statement, he cites only to the same portions of Murphy's and ADA Kiernan's depositions where they state that they have no memory at all of whether these documents were produced or not. This evidence is not in dispute. Further, when taken in the light most favorable to the Plaintiff, this evidence does not even create an inference that the documents were intentionally withheld by the Defendant. Since Plaintiff has failed to raise any material factual disputes which would create a trial worthy issue, summary judgment must be granted in favor of the Defendant.

## VI. Conclusion

Wherefore, for all of the foregoing reasons, the Defendant respectfully requests that this Honorable Court allow Defendant's motion to strike and allow Defendant's motion for summary judgment.

---

[4] At the top of page three of his opposition, Plaintiff does raise one additional piece of "evidence" that the prosecutor never received the exculpatory evidence. He states, "District Attorney Collings (sic) was convinced that the report had not been turned over when he moved to overturn [Plaintiff's] conviction." There is absolutely no support within the record for this statement, as demonstrated by the fact that it not accompanied by any citation.

9

**DEFENDANT REQUESTS ORAL ARGUMENT FOR THIS MOTION**

Respectfully submitted,

DEFENDANT, STEPHEN MURPHY
By his attorneys:

William F. Sinnott
Corporation Counsel


/s/ Evan C. Ouellette
Evan C. Ouellette BBO#655934
Raquel D. Ruano, BBO#658735
Alexandra Alland, BBO#652152
Assistant Corporation Counsels
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048 (Ouellette)
(617) 635-4039 (Ruano)
(617) 635-4031 (Alland)

Date: August 3, 2009

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 3, 2009, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


/s/  Evan C. Ouellette
Evan C. Ouellette